IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JASON TUCKER,

     Plaintiff,

v.                           CASE NO. 1:21-cv-215-AW-GRJ

CLOVIS WATSON, JR.
ALACHUA COUNTY SHERIFF,

     Defendant.

_____/

## REPORT AND RECOMMENDATION

This cause is before the Court because *pro se* Plaintiff has failed to

comply with this Court's February 8, 2022, order directing him to (1) pay the

$402 filing fee or file a motion for leave to proceed *in forma pauperis*, and

(2) amend his pleading to demonstrate that this Court has jurisdiction over

his claims.  ECF No. 4.  Plaintiff was first ordered to take these actions by

March 8, 2022.  *Id*.  On April 6, 2022, the Court issued a Show Cause

Order, warning Plaintiff that his case would be dismissed without further

notice if he failed to cure his deficiencies by April 18, 2022.  ECF No. 5.

That deadline has passed.

     Accordingly, this case is due to be dismissed without prejudice for

failure to prosecute and for failure to comply with court orders.

## BACKGROUND

Rather than file a civil complaint on the Court's approved complaint form, *pro se* Plaintiff filed a "Writ of Error" on January 21, 2022, complaining as follows:

> Claimant affirm (sic) NO documents were sent to JASON DAVID TUCKER from the Clerk of Court related to this case ever.
>
> Claimant affirms Clerk of Court has no authority to change the party name from, CLOVIS WATSON, JR, to "CLOVIS WATSON."
>
> Claimant affirms he is not required to follow or be bound by local court rules.  The right to redress is without sale, denial, or delay. Do not obstruct for lack of form or procedure, Claimant is not a BAR member attorney.
>
> Additionally, CLERK OF COURT has blocked case access electronically, as "not available", denying equal access.
>
> Re-statement of claim:  We contacted the Alachua County Sheriff with affirmed war crime and piracy claims over three times electronically in writing.  CLOVIS WATSON, JR did not respond ever, DEFENDANT getting a paycheck for public services not provided is wrong.  We believe the record reflects perjury of DEFENDANT's loyalty oath and public commission, causing injury by theft of service.
>
> We pray the Court will order relief by summary judgment.
>
> ….
>
> Claimant affirms DEFENDANT's publicly monitored Twitter account was posted a notice of lawsuit with case number.

Claimant affirms no response to our claims from DEFENDANT
or his agents ever as of today.[1]

ECF No. 2.  It has been four months since Plaintiff filed this action, and

despite two court orders directing Plaintiff to amend his pleadings, he has

failed to respond.  The Court thus concludes that Plaintiff has abandoned

this case.

## DISCUSSION

This cause is due to be dismissed for failure to prosecute and for

failure to comply with court orders.   Moreover, under the Local Rules,

"[t]he Court need not—and ordinarily will not—consider a petition, motion,

or complaint that is not filed on the proper form", N.D. Fla. Loc. R. 5.7(A),

and "[a] civil action shall not be filed by the clerk until the fee is paid . . .

unless the complaint or petition is accompanied by a motion for leave to

---

[1] A review of the Court's PACER system reveals that Plaintiff has filed seven lawsuits in this District, four of which were dismissed *sua sponte* as either malicious, frivolous or for lack of subject matter jurisdiction—*Jason David Tucker v. Donald J. Trump, et al.*, Case No. 1:17-cv-291-MW-GRJ (N.D. Fla.); *Jason David Tucker v. Michael Horowitz, et al.,* Case No. 1:20-cv-117-RH-GRJ (N.D. Fla.); *Jason David Tucker v. William Barr*, Case No. 1:20-cv-124-MW-GRJ (N.D. Fla.); *Jason David Tucker v. Elizabeth Timothy*, Case No. 1:20-cv-125-MW-GRJ (N.D. Fla.); one of which was transferred, *Jason David Tucker v. State of Florida et al.*, Case No. 1:16-cv-181-RH-EMT (N.D.Fla.); and two of which were voluntarily dismissed—*Jason David Tucker v. James Gorman,* Case No. 1:21-cv-208-MW-GRJ (N.D. Fla.); *Jason David Tucker v. Richard Corcoran,* Case No. 1:21-cv-210-MW-GRJ (N.D. Fla.).  Tucker did not pay the filing fee in any of these cases and was granted IFP status in only one— *Jason David Tucker v. Donald J. Trump, et al.*, Case No. 1:17-cv-291-MW-GRJ (N.D. Fla.).

Federal Rule of Civil Procedure 41(b) expressly authorizes the involuntary dismissal of a claim due to a plaintiff's failure to prosecute or abide by court orders or the Federal Rules of Civil Procedure. *Foudy v. Indian River Cty. Sheriff's Office*, 845 F.3d 1117, 1126 (11th Cir. 2017) ("Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order."); *State Exch. Bank v. Hartline*, 693 F.2d 1350, 1352 (11th Cir. 1982) ("The Federal Rules expressly authorize a district court to dismiss a claim, including a counterclaim, or entire action for failure to prosecute or obey a court order or federal rule.") (citations omitted); *Smith v. HSBC Bank USA, Nat'l Ass'n*, 679 F. App'x 876, 879 (11th Cir. 2017) ("The court's power to dismiss is an inherent aspect of its authority to enforce its orders and insure prompt disposition of lawsuits.") (citation omitted). "[A] court also has the inherent ability to dismiss a claim in light of its authority to enforce its orders and provide for the efficient disposition of litigation." *Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006) (*citing Link v. Wabash R.R.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962)).

While "*[p]ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed[,]," *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998)

4

(citation omitted), this does not extend to a *pro se* litigant's failure to comply with federal procedural rules, local court rules, or orders of the court. *See, e.g.*, *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802-03 (11th Cir. 2006) (per curiam) (affirming *sua sponte* dismissal of *pro se* action for failure to prosecute/obey a court order.).

"While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is" permitted. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

In the instant action, Plaintiff failed to comply with two court orders which warned Plaintiff that failure to comply by court-imposed deadlines would result in dismissal of his case without further notice.  *See* ECF No. 4 at 6 n.2, ECF No. 5 at 2.  Moreover, Plaintiff never filed a complaint. This conduct strongly suggests that Plaintiff has no intention of prosecuting this action. Accordingly, under the circumstances, the Court finds that no alternatives short of dismissal will suffice. *See e.g., Hill v. Dunn*, Civil Action No. 1:17-305-KD-N, 2020 WL 428121, *3 (S.D. Ala. Jan. 27, 2020) (finding no alternatives short of *sua sponte* dismissal would suffice in *pro se* action where plaintiff abandoned his case).

**CONCLUSION**

Accordingly, the undersigned respectfully **RECOMMENDS** that this

case should be **DISMISSED without prejudice**[2] under Federal Rule of

Civil Procedure 41(b) because of Plaintiff's failure to prosecute and failure

to comply with court orders.

**IN CHAMBERS** in Gainesville, Florida this 29th day of April 2022.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PLAINTIFF**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy**

---

[2] When a court dismisses without prejudice an action, it must consider whether the action may be re-filed or if the dismissal without prejudice is effectively a dismissal with prejudice due to the statute of limitations preventing the plaintiff from re-filing the action. *Stephenson v. Warden*, 554 F. App'x 835, 838 (11th Cir. 2014) (per curiam); *Hines v. Thomas*, 604 F. App'x 796, 800 (11th Cir. 2015) (per curiam); *see Schmidt v, Navarro*, 576 F. App'x 897, 899 (11th Cir. 2014) (per curiam) (affirming the dismissal without prejudice of an action as malicious, based on plaintiff's failure to advise of prior lawsuits as required by the complaint form, because the complaint could be re-filed as the statute of limitations had not expired).

In the case at hand, Plaintiff provides no dates for the alleged offending conduct and has not filed a complaint alleging any legal theory under which he may be entitled to relief. Accordingly, there is no way for the Court to ascertain whether Plaintiff's claims, to the extent any exist, are even currently barred by the governing statute of limitations let alone analyze whether Plaintiff's claims would be time-barred at a later date.

thereof. **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.** A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.